## Moore Adm'r v. Carson.

The fact appearing by the certificate, that the Court in which the Judge presided, before whom the affidavit was made, had a Clerk and seal, was sufficient evidence that it was a Court of Record within the meaning of the statute. (Hart. Dig. Art. 1158.)

Where an affidavit, made out of the State, under the statute, (Hart. Dig. Art. 1158,) was signed and sealed by the Judge, and had appended to it a certificate of the Clerk of the Court in which the Judge presided, of the official character of the Judge, &c., which certificate was attested by the Clerk " by his official seal;" *Held*, That the attestation was good. " The Clerk of a Court of Record is, ordina- " narily, the official keeper of its seal; and the seal of the Court of which he is " the Clerk, is his official seal."

Appeal from Bowie. Suit was brought by the appellee against the appellant as administrator, on a promissory note made by his intestate. The affidavit which accompanied the note when presented to the administrator, was made before R. C. Pearson, Presiding Justice of the . Court of Pleas and Quarter Sessions for the County of Burke, in the State of North Carolina, and was signed and sealed by the Judge. Appended to the affidavit was the certificate of the Clerk of the Court, that the Judge who administered the oath was the presiding Justice of the Court, duly commissioned and qualified, and that his official acts are entitled to faith and credit ; which certificate is attested by the Clerk, by his seal of office.

It was objected to the sufficiency of the affidavit, that it did not appear to have been made before a Court of Record having a seal, and was not attested by the seal of the Court, as required by the statute. The Court overruled the objection. There was judgment for the plaintiff; and the defendant appeals and assigns as error the ruling of the Court upon the sufficiency of the affidavit.

*Morrill & Dickson*, for plaintiff in error. It will be seen

from an inspection of the record in this case, that it no where appears that the person, before whom the affidavit was made, was a Judge of a Court of Record, or that his Court had a seal; and from the fact that he does not attest his act with a seal, we are bound to presume the Court had none.

The Clerk's certificate is surplusage and not required or authorized by law. But taking it in full force in favor of defendant, it makes the case no better, for the Clerk only certifies that Pearson is presiding Justice, but does not say of a Court of Record, or that the Court has a seal. In order to make the affidavit valid, it must be made before a Judge of a Court of Record, and that Court must have a seal, and the Judge must attest his act with that seal. (Hart. Dig. Art. 1158; 1 Greenl. Ev. Sec. 508.)

*S. H. Morgam*, for defendant in error.

WHEELER, J. The language of the statute is, that if the affidavit, be " made out of this State, it shall be made before some Judge of a Court of Record having a seal, and shall be attested by the seal of his Court." (Hart. Dig. Art. 1158.)

The fact, appearing by the certificate, that the Court in which the Judge presided, before whom the affidavit was made, had a Clerk and seal, was sufficient evidence that it was a Court of Record. And it was properly attested by the Clerk, by his official seal. The Clerk of a Court of Record is, ordinarily, the official keeper of its seal; and the seal of the Court of which he is Clerk, is his official seal.

Judgment affirmed.